Bernard A. TESKE, Respondent,

v.

Dale YOUNG, d.b.a. Young Painting Contractor, et al., Relators,

and

State Treasurer, Custodian of the Special Compensation Fund, Respondent.

No. 52069.

Supreme Court of Minnesota.

Aug. 28, 1981.

Van Eps & Gilmore, Minneapolis, for relators.

James R. Keating, Faribault, for Teske.

Warren Spannaus, Atty. Gen., Winston Ehlmann, Asst. Atty. Gen., St. Paul, for State Treasurer.

PETERSON, Justice.

Certiorari to review a decision of the Workers' Compensation Court of Appeals holding that the employer and his compensation insurer are not entitled to offset Social Security benefits received by the employee against their compensation liability

through including in the "total of $25,000 of weekly compensation . . . paid," which entitles an employer to reduce weekly compensation benefits by offsetting them against the amount of Social Security benefits received by the employee pursuant to Minn.Stat. § 176.101, subd. 4 (1969), amounts allocated to them following settlement of the employee's third-party action as reimbursement for compensation previously paid and as a credit against their future compensation liability. We affirm.

The statute providing for the offset at the time of employee's injury, Minn.Stat. § 176.101, subd. 4 (1969), provided in part:

> For permanent total disability, as defined in subdivision 5, the compensation shall be 66⅔ percent of the daily wage at the time of the injury, subject to a maximum compensation of $70 per week . . . . This compensation shall be paid during the permanent total disability of the injured employee but after a total of $25,000 of weekly compensation has been paid, the amount of the weekly compensation benefits being paid by the employer shall be reduced by the amount of any disability benefits being paid by any government disability benefit program if such disability benefits are occasioned by the same injury or injuries which give rise to payments under this subdivision. Such reduction shall also apply to any old age and survivor insurance benefits.

Following his injury in August 1970, employee brought an action against a negligent third party to recover damages. The action was ultimately settled for $87,000, and the settlement proceeds were then distributed pursuant to Minn.Stat. § 176.061, subd. 6 (1969), which provided in pertinent part:

> The proceeds of all actions for damages or settlement thereof under section 176.061, received by the injured employee or his dependents or by the employer as provided by subdivision 5, shall be divided as follows:
>
> (a) After deducting the reasonable cost of collection, including but not limited to attorneys fees and burial expense in excess of the statutory liability, then

> (b) One-third of the remainder shall in any event be paid to the injured employee or his dependents, without being subject to any right of subrogation.
>
> (c) Out of the balance remaining, the employer shall be reimbursed for all compensation paid under chapter 176.
>
> (d) Any balance remaining shall be paid to the employee or his dependents, and shall be a credit to employer for any compensation which employer is obligated to pay, but has not paid, and for any compensation that such employer shall be obligated to make in the future.

The employer and insurer received $19,-202.31 to reimburse them for the compensation benefits they had previously paid and were allocated a credit of $19,156.61 against their liability for future workers' compensation benefits payable. The parties stipulated that employee has received Social Security benefits in varying amounts since 1978 and that the employer's credit was exhausted January 2, 1980. The employer and insurer contend that they are entitled to offset their compensation liability by the amount of Social Security benefits employee receives because the compensation they had previously paid, but for which they had been reimbursed, and the amount credited against their future liability for purposes of section 176.061, subd. 6, are included in the "total of $25,000 of weekly compensation" which, when paid, qualifies an employer for the Social Security offset provided in section 176.101, subd. 4.

 The Court of Appeals rejected this claim, holding that the intent and effect of section 176.101, subd. 4, was to permit an employer who had actually paid $25,000 of total disability benefits to an injured employee to receive the offset. We also have recognized that in providing for coordination of benefits in section 176.101, subd. 4, the legislature intended to relieve the employer who has met the burden of paying compensation to a totally disabled employee for a substantial period of time. *See, Souden v. Hopkins Motor Sales, Inc.*, 289 Minn. 138, 182 N.W.2d 668 (1971). The employer

and insurer here have not in fact paid the threshold amount of $25,000 of weekly compensation which would qualify them for the offset because the third-party settlement resulted in reimbursement of what they had actually paid prior to its execution and in the credit which in effect extinguished their obligation to pay compensation in the future until its exhaustion. In ordinary understanding, the reimbursement and credit which they would apply to become entitled to the offset are not "weekly compensation" which they have paid. We discern no intention on the part of the legislature in the language of section 176.101, subd. 4, to include the amounts so reimbursed and credited in the threshold of $25,000 of "weekly compensation . . . paid," and in our view to so construe this provision would be contrary both to the remedial construction usually given the Workers' Compensation Act and to the apparent purpose of section 176.101, subd. 4, to grant the offset to an employer and insurer who have actually paid an employee weekly compensation totaling $25,000.

Employee is awarded attorneys fees of $400.

Affirmed.